UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN RYAN KEAGHEY                          CIVIL ACTION

VERSUS                                       NO. 18-517

TERREBONNE PARISH                            SECTION "I" (2)
SHERIFF'S OFFICE ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Justin Ryan Keaghey, filed the captioned suit pro se pursuant to 42 U.S.C. § 1983 alleging that the defendants – Terrebonne Parish Sheriff's Office, Terrebonne Parish Criminal Justice Complex, Sheriff Jerry J. Larpenter, Deputy Clarence McGuire, Colonel Mike Solet, Major/Warden Claude Triche and Lieutenant Scott Bosse – retaliated against, harassed and neglected him due to his "past with the Terrebonne Parish as a whole."  Record Doc. No. 1 at pp. 4-5, ¶¶ III-IV, and 10.  Plaintiff seeks monetary compensation in the amount of $100 million for "severe psychological trauma . . . medical malpractice/neglect/refusals and physical damages" including "slight loss of hearing, worsening back problems . . . lack of mobility, being beaten and more."  Id. at p.5, ¶ V.

On April 23, 2018, I conducted a telephone conference in this matter for all the purposes contemplated in Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.  Record Doc. No. 19.  Although Keaghey was no longer incarcerated at the time of the hearing, he was a convicted inmate serving a prison sentence in the Caldwell Correctional Center ("Caldwell") in Grayson, Louisiana, at the time he filed this lawsuit.  Record Doc. No. 1 at pp. 3, 16.  A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C.

§ 1915A(a); <u>Thompson v. Hicks</u>, 213 F. App'x 939, 942 (11th Cir. 2007); <u>Lewis v. Estes</u>, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998); <u>Lewis v. Sec'y, DOC</u>, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), <u>aff'd</u>, 589 F. App'x 950 (11th Cir. 2014).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); <u>Lewis</u>, 589 F. App'x at 952; <u>Thompson</u>, 213 F. App'x at 942; <u>Shakur</u>, 391 F.3d at 113; <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999).

The purpose of a <u>Spears</u> hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. <u>Spears</u>, 766 F.2d at 180.  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis</u>, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  <u>Wilson v. Barrientos</u>, 926 F.2d 480, 481 (5th Cir. 1991); <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990).  "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." <u>Spears</u>, 766 F.2d at 182.

Plaintiff testified that he was previously incarcerated in the Terrebonne Parish Criminal Justice Complex upon his initial arrest, but was released on February 5, 2018 after completing his sentence at Caldwell.  He stated that he was arrested on February 3, 2017, and that he was charged with (1) unauthorized entry of an inhabited dwelling; (2) two counts of disarming a police officer; (3) battery on a police officer resulting in medical attention; (4) resisting police with force or

violence; (5) aggravated assault on an officer with a firearm; and (6) simple criminal damage to property under $500. Plaintiff confirmed that he was convicted of the first four charges on July 28, 2017, and that he received and served a one-year prison sentence. Plaintiff testified that no appeal of his conviction was filed or is pending.

Plaintiff first claimed that he was wrongfully arrested. During the conference, I informed Keaghey that the law bars him from asserting a claim for false arrest concerning this conviction. Keaghey then asserted that his arrest was retaliatory because "Terrebonne Parish hasn't liked me," but he admitted that he was convicted of most of the offenses for which he was arrested. I explained that he does not have a claim for retaliation based on his valid arrest because he was convicted and the law bars such a claim.

Specifically, Keaghey's false arrest and retaliation claims are barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

> In Heck v. Humphrey the Supreme Court held that before a plaintiff may maintain a § 1983 action for damages resulting from an unconstitutional conviction or confinement, the conviction or confinement must be invalidated in some other proceeding. 512 U.S. at 489-90. "Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489.

Carlisle v. Normand, No. 16-3767, 2017 WL 4918997, at *9 (E.D. La. Oct. 31, 2017). Allowing plaintiff to proceed with his false arrest and retaliation claims "would necessarily require the district court to re-evaluate the lawfulness of [his] arrest and criminal conviction because proof of" false arrest would require proving that he was unlawfully arrested without probable cause. Thomas v. La. Dep't of Soc. Sec. Servs., 406 F. App'x 890, 898 (5th Cir. 2010); see Walter v. Horseshoe Ent'mt, 483 F. App'x 884, 887 (5 Cir. 2012) (Plaintiffs' false arrest claims were barred

by Heck because they were ultimately convicted of the crimes for which they were arrested, and "the conviction necessarily implies that there was probable cause for the arrest.").

Keaghey then confirmed that he asserts additional claims in this case, all of which arise from his incarceration in the Terrebonne Parish Criminal Justice Complex. Plaintiff testified that he was left shackled in a cell for almost 12 hours in May 2017. He also stated that someone caused him to fall and hit his head at the jail on June 4, 2017, and that he was denied medical services. In attempting to understand these claims and provide plaintiff with an opportunity to expand upon them, as contemplated by Spears, I asked Keaghey to state why he was placed in shackles in May 2017. Keaghey angrily responded, "Look sir, I'm done. Y'all ain't gone take me seriously." He then hung up the telephone, ending the conference.

The court has attempted through a Spears hearing to have plaintiff provide it with the information necessary to prosecute his case and to proceed past the screening phase mandated for pro se complaints filed by prisoners in 28 U.S.C. § 1915A. When asked to expand on his conditions of confinement claims, plaintiff hung up the phone and abruptly ended the Spears hearing after just seven minutes. The whole purpose of conducting a Spears hearing was to allow plaintiff to expand on his pro se written submissions, but he refused the opportunity.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. Tex., 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas Cty. Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, sua sponte, dismiss an action whenever necessary to

achieve the orderly and expeditious disposition of cases." Brown v. Larty, No. 6:09cv69, 2010 WL 5139221, at *1 (E.D. Tex. Dec. 9, 2010) (citing Anthony v. Marion Cty. Gen. Hospital, 617 F.2d 1164 (5 Cir. 1980)).   In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. Cty of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff is proceeding in this case pro se, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris Cty. Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

In this case, dismissal with prejudice is appropriate because Keaghey refused to participate in the Spears hearing.  As a result, he failed to establish his insufficiently pled non-Heck-barred conditions of confinement and medical care claims.  Dismissal for such conduct is appropriate to the orderly and expeditious disposition of this case, which Keaghey has purposefully refused to prosecute in the manner contemplated by the applicable law.

Keaghey is advised that his failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of his suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with

a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

For the foregoing reasons, IT IS RECOMMENDED that this complaint be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____1st_____ day of May, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.